HOOVER MOTOR EXPRESS CO., INC.,

SOUTHEASTERN TRUCK LINES, INC.,

and COOK TRUCK LINES, INC.,

*v.*

JOHN C. HAMMER, Chairman, etc., et al.

(*Nashville,* December Term, 1956.)

Opinion filed February 8, 1957.

JUDSON HARWOOD, Nashville, GLENN M. ELLIOTT, Memphis, for appellants.

HAROLD SELIGMAN, Nashville, CLIFFORD E. SANDERS, Kingsport, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The question presented for determination is whether by virtue of the "Joe Davis Act," where a restricted certificate is issued upon the basis of proof of public convenience and necessity, the restriction is removed as a matter of law by dividing the certificate into two seg-

ments and subsequently reuniting the segments under common ownership. The Commission removed the restrictions and the Chancellor affirmed the action of the Commission.

It appears that on October 29, 1945, W. F. McMurry d/b/a McMurry Freight Line filed an application in Motor Carrier Docket No. 2657 with the Tennessee Railroad & Public Utilities Commission for authority to transport general commodities, as a motor carrier, between Memphis and Nashville. Due notice of the application was given and the matter came on for hearing on January 17, 1946, at which time various motor carriers' appeared in opposition, and the protest of these carriers was eliminated and such carriers induced to withdraw from the proceeding by McMurry amending the application so as not to seek the right to transport freight from Memphis to Nashville and from Nashville to Memphis.

On this same date, January 17, 1946, the Commission issued to W. F. McMurry Certificate No. 1103 which, as amended by order of the Commission on March 4, 1946, authorized McMurry to transport freight:

"Between Nashville and Memphis over State highways Nos. 100, 20, and 1. Additional routes over highwyas 100, 20, 69 and county roads, serving the following points: Beacon, Perryville, Decaturville, Scotts Hill and Sardis, Tennessee. Limited to the transportation of property destined for or originating from Lexington and Linden, Tennessee and all intermediate points between Lexington and Linden, Tennessee."

On January 20, 1947, the Nashville-Lexington segment of the certificate, with the restriction above specifically set forth therein, was transferred to O'Guin Truck Line.

By subsequent transfers commencing on January 29, 1948, the Lexington-Memphis segment of McMurry's certificate came into the hand of Sartain.

On October 26, 1954, Sartain and O'Guin transferred their two segments of the certificate to Sartain-O'Guin Motor Lines, Inc., a corporation organized by them for the purpose of receiving and combining these authorities.

Following application by Sartain-O'Guin the Commission issued a certificate to them combining the segments of the authorities, but eliminating therefrom the restrictions:

"Limited to the transportation of property destined for or originating from Lexington and Linden, Tennessee and all intermediate points between Lexington and Linden, Tennessee."

Upon petition for reconsideration, reopening and further hearing filed by appellants herein and other motor carriers, the Commission reopened the proceeding and conducted a hearing on December 1, 1954, resulting in issuance of its order of March 4, 1955, reinserting the restriction above in the certificate, but, by opinion, holding the restriction to be inoperative as matter of law by virtue of the "Joe Davis Act," and authorizing the performance of a new, through transportation service between Nashville and Memphis.

The history of the Certificate in controversy here is that originally McMurry could transport property between Memphis and Lexington, and between Lexington and Nashville, but limited to property destined for or originated from Lexington to Linden, and all intermediate points. This certificate was split and became two

separate and distinct operating authorities. When Sartain and O'Guin transferred both segments to one corporation, they again became joined into one operating authority as originally issued. With this factual situation brings us to a consideration of Section 65-1508, T.C. A., commonly known and referred to as the Joe Davis Act, whether one certificate thus restricted, be split, with one segment identically restricted and rejoined into one authority without the restriction being imposed.

The said Joe Davis Act provides as follows:

"65-1508. Two certificates—When treated as one. —In all cases where the railroad and public utilities commission has issued two (2) or more certificates of convenience and necessity to the same operator authorizing such operator to conduct motor truck transportation of freight for hire over continuous routes and between points of destination in said certificate, both or all of said certificates issued to the same person and having a common point of destination and authorizing the transportation of freight for hire over said routes and provided by said certificates, and authorizing the transportation by motor truck of freight over lines between the two (2) extreme termini mentioned in said certificate, shall be treated as one (1) certificate authorizing said operator to transfer freight for hire between said extreme points of termini and shall be in all respects treated as one (1) certificate. (1937, ch. 167, sec. 1.)"

It seems beyond question that by the provisions of said Act, Sartain-O'Guin Motor Lines, Inc., is authorized to transport property between Memphis and Nashville, Tennessee.

It is contended that the Legislature, by adopting the "Joe Davis Act," could not have intended to authorize the transportation of property by Sartain-O'Guin Motor Lines without restriction between Nashville and Memphis, without requiring it to first prove public necessity and convenience, which has not been done in this case.

■ However, the wisdom, or unwisdom of a statute lies solely with the Legislature and is not the concern of the Court. *Davidson County v. Rogers,* 184 Tenn. 327, 331-332, 198 S.W.2d 812.

The principle means that if the Legislature has decided and declared that Sartain-O'Guin should be authorized to transport property between Nashville and Memphis, Tennessee, without restriction, and without proving public necessity and convenience, it is not for this Court to question the wisdom of such a policy, but rather to give effect to it.

The Legislature, under our Constitution, has been granted and possesses all of the legislative power of government, all of the law-making authority of this State, as long as it does not exceed or run counter to the Constitution it is free to declare the law and policy of the State in any field and in any manner in which it sees fit to regulate.

■ What the Legislature has said in the "Joe Davis Act" is that if and when one operator obtains operating authority from point A to point B and operating authority from B to C he shall then be authorized, as a matter of law, to operate between points A and C without restriction.

It has been held consistently in this State that a uniform and practical construction of a statute by those

whose duty it is to construe and execute the statute is of great and proficient weight in the judicial construction of the same. *Austin v. Shelton,* 122 Tenn. 634, 127 S.W. 466; *Cumberland Lodge, etc., v. Nashville,* 127 Tenn. 248, 154 S.W. 1141.

We are therefore of the opinion that there is no error in the decree of the Chancellor and it is affirmed.