IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE, EX REL. ANNE B. POPE v.
XANTUS HEALTHPLAN OF TENNESSEE, INC.**

**Extraordinary Appeal from the Chancery Court for Davidson County
No. 99-917-II     Carol L. McCoy, Chancellor**

**No. M2000-00120-COA-R10-CV - Decided May 17, 2000**

JUDGE CAIN, concurring.

I whole heartedly concur in the excellent opinion prepared for the court by Judge Cantrell. I write separately to emphasize what I regard as inappropriate judicial intrusion in legislative and executive business contained in certain observations set forth in the chancellor's November 16, 1999 and January 19, 2000 orders.

In *State v. Henley, et al*, 98 Tenn. 665, 41 S.W. 352 (Tenn. 1897), the Supreme Court of Tennessee upheld the validity of the "Jarvis Law" relative to taxation of costs in criminal prosecutions. In support of its decision, the court relied heavily upon that monumental treatise on "Constitutional Limitations" by the great Judge Thomas McIntyre Cooley, former Chief Justice of the Supreme Court of Michigan and one of the four or five greatest law writers of all time. Said the court:

> Mr. Cooley, in his work on Constitutional Limitations, says: "Except when the constitution has imposed limits on the legislative power, it must be considered as practically absolute, whether it act according to natural justice or not, in any particular case. The courts are not the guardians of the rights of the people of the state except as those rights are secured by some constitutional provision which comes within the judicial cognizance. The protection against unwise or oppressive legislation within constitutional bounds is by an appeal to the justice and patriotism of the representatives of the people. If this fail, the people, in their sovereign capacity, can correct the evil, but courts cannot assume these rights. The judiciary can only arrest the execution of statute when it conflicts with the constitution. It cannot run a race of opinions upon points of right, reason, and expediency with the law-making power. Any legislative act which does not encroach upon the powers apportioned to the other departments of the government, being prima facie valid, must be enforced, unless restrictions upon the legislative authority can be pointed out in the constitution, and the case shown to come within them. The moment a court

ventures to substitute its own judgment for that of the legislature in any case where the constitution has vested the legislature with power over the subject, that moment it enters upon a field where it is impossible to set limits to its authority, and where its discretion alone will measure the extent of its interference." Cooley, Const. Lim. (6th Ed.) 200, 201. Our own decisions are thoroughly in accord with this view:

*State v. Henley*, 41 S.W. 352, 354-55.

The "wisdom or unwisdom" of TennCare and the "wisdom or unwisdom" of keeping Xantus afloat by a loan of money or otherwise are questions properly to be addressed by the General Assembly. *Hoover Motor Express Co. v. Hammer*, 201 Tenn. 270, 275; 298 S.W.2d 724, 726 (Tenn 1957; *Lavin v. Jordon*, No. M1997-00259-SC-R11-CV, Decided April 24, 2000 _____ S.W.3d _____.

On the record before this court the commissioner has violated neither constitutional provision nor statute in her response to TennCare-Xantus problems. Absent such violation judicial intrusion is unwarranted and beyond the limited role authorized by the rehabilitation statutes.